UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY RENEE GIBSON, | No. 2:24-cv-0893 DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A review of the petition shows that petitioner is challenging the same conviction and sentence she is challenging in a previously filed habeas case - Gibson v. State of California, 2:22-cv-0844 KJM KJN P (E.D. Cal.).  That case remains pending.

There is no basis for petitioner to proceed on two habeas petitions that challenge the same conviction and sentence.  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action."  Id. at 688.  Thus, a district court may dismiss a habeas action that is clearly duplicative of a pending,

1

1  earlier-filed habeas action.  See, e.g., Diaz v. Frauenheim, No. 5:19-cv-01441 PAG JS, 2020 WL
2  730849, at *3 (C.D. Cal. Feb. 12, 2020).  Petitioner's habeas corpus claims should proceed solely
3  on the first petition she filed, 2:22-cv-0844 KJM KJN P, which is currently pending in this court.
4      If, by filing this new action, petitioner seeks to raise new habeas claims, she should file a
5  motion to amend the petition in her pending 2022 case.  See Woods v. Carey, 525 F.3d 886, 890
6  (9th Cir. 2008).
7      Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district
8  judge to this case; and
9      IT IS RECOMMENDED that this action be dismissed without prejudice as duplicative.
10     These findings and recommendations will be submitted to the United States District Judge
11 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12 after being served with these findings and recommendations, petitioner may file written
13 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
14 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
15 specified time may result in waiver of the right to appeal the district court's order.  Martinez v.
16 Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, petitioner may address whether a
17 certificate of appealability should issue in the event an appeal of the judgment in this case is filed.
18 See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of
19 appealability when it enters a final order adverse to the applicant).
20 Dated:  March 28, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/habeas/R/gibs0893.dupl fr

2